J. W. Townsend et al. *v.* The State.

Appearance-bond bound the principal obligor "in the sum of one hundred and fifty dollars, and the sureties in —— dollars." *Held*, that the terms of the bond preclude a construction making the sureties jointly bound with their principal in the sum designated; and, failing to show that they were bound in any sum whatever, it is nugatory as to them.

Error from the District Court of Brown. Tried below before the Hon. J. R. Fleming.

The opinion states the case.

*G. J. Goodwin*, for the appellants.

*Thomas Ball*, Assistant Attorney General, for the State.

White, J.    These appellants were sureties on the appearance-bond of one Scott. The bond is in these words, viz. : "Know all men that we, Sam Scott as principal, and J. W. Townsend and J. J. Maynard as securities, acknowledge ourselves bound unto the State of Texas, the said principal in the sum of one hundred and fifty dollars, and the sureties in —— dollars each," etc. Nowhere in the bond is it stated in what sum the sureties were bound.

In answer to the *scire facias* on the forfeited bond, the

defendants appeared, and these sureties moved to set aside the judgment *nisi* because they were not obligated by the bond to pay any sum at all on the failure of their principal to appear. The court overruled the motion, and rendered judgment final against the principal and sureties for $150.

So far as the sureties are concerned, the judgment is clearly erroneous. The language of the bond precludes, in the first place, the idea that the sureties intended to bind themselves, jointly with their principal, in the sum of $150 ; and, not intending to bind themselves in that sum, in the next place have they bound themselves in any sum? If so, what sum? The bond, which alone should answer, is silent and a blank, and there is no other evidence on the subject. We do not think they were bound in any sum. Wherefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*